**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **WILLIAM SEDRIC AUTREY,** ) <br> **ID # 14059845,** ) <br>       **Petitioner,** ) <br> **vs.** ) <br> ) <br> **LUPE VALDEZ, Sheriff,** ) <br> **Dallas County, Texas,** ) <br>       **Respondent.** ) | **No. 3:15-CV-2192-L (BH)** <br><br> **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the case should be **DISMISSED** without prejudice for failure to exhaust state remedies.

**I. BACKGROUND**

William Sedric Autrey (Petitioner), an inmate currently incarcerated in the Dallas County Jail, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Lupe Valdez, Sheriff, Dallas County, Texas.

Petitioner challenges his May 16, 2013 conviction for aggravated robbery in case number F-10-16130-Q in the 204th Judicial District Court of Dallas County, Texas. (doc. 3 at 2.) He filed a direct appeal to the Court of Appeals of Dallas, *Autrey v. Texas,* No. 05-13-00709-CR, and it issued a memorandum opinion on July 21, 2015. (doc. 3 at 3; *see* www.search.txcourts.gov/Case.aspx?cn=05-13-00709-CR&coa=coa05 (July 21, 2015 Memorandum Opinion).) Petitioner also filed a state application for writ of habeas corpus, but it was dismissed by the Texas Court of Criminal Appeals on February 11, 2015, due to the pending direct appeal. (doc. 3 at 4; *see* www.search.txcourts.gov/Case.aspx?cn=WR-29,755-02&coa=coscca&p=1.)

Petitioner now alleges several grounds for relief. (doc. 3 6-7.)

## II. ANALYSIS/EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432. To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner has not fairly presented all of the claims he raises in his federal petition to the Texas Court of Criminal Appeals. He acknowledges that the state writ application was dismissed without prejudice, and that the direct appeal was still pending at the time. (doc.3 at 8.) The court of appeals has now issued an opinion, but the time for Petitioner to seek review from the Texas Court of Criminal Appeals

2

in the form of a PDR has not yet expired. *See* Tex R. App. P. 68.2(a). He has not shown that he has obtained a final resolution of his claims from the Texas Court of Criminal Appeals. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is therefore not entitled to habeas corpus relief for failure to exhaust his state remedies.

### III. RECOMMENDATION

The habeas corpus petition under 28 U.S.C. § 2254 should be **DISMISSED** without prejudice for failure to exhaust state court remedies. *See* 28 U.S.C. § 2254(b) and (c).

**SO ORDERED** this **6th day** of **August, 2015.**

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE