IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **WILLIAM SEDRIC AUTREY, #14059845,** § | |
| § | |
| Petitioner, § | |
| v. § | Civil Action No. **3:15-CV-2192-L** |
| § | |
| **LUPE VALDEZ, Sheriff,** § | |
| **Dallas County, Texas,** § | |
| § | |
| Respondent. § | |

# ORDER

Before the court is Petitioner William Sedric Autrey's ("Petitioner") *Pro Se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (Doc. 3), filed June 30, 2015; and Petitioner's Motion for Stay and Abeyance (Doc. 17), filed September 3, 2015. The case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report"), on August 6, 2015, recommending that Petitioner's habeas petition be dismissed without prejudice for failure to exhaust state remedies. The court received Petitioner's objections[1] to the Report on August 25, 2015.

Petitioner objects to the Report. He contends that he did not have adequate time to prepare a petition for discretionary review ("PDR") in response to the state court's ruling, and that was the last exhaustion required. Petitioner, however, continues to file motions in his state

---

[1] Petitioner filed three documents in response to the Report: "Brief Pertaining to Ground 3- Proffer Breach" (Doc. 14); "Notice of Appeal and Motion to Reopen" (Doc. 15); "Addendum to Motion to Reopen" (Doc. 16.) The court liberally construes all of these documents as objections to the Report.

court proceedings, despite informing this court that he could not meet the deadline.[2] Petitioner has yet to fully exhaust his state court remedies. Accordingly, the court **overrules** Petitioner's objection.

Petitioner subsequently filed a Motion for Stay and Abeyance, requesting a stay in the federal proceedings while he exhausts his state court remedies. Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). Stay and abeyance should only be granted in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

Petitioner has not shown good cause for his failure to exhaust. As stated in the Report, Petitioner filed this suit while he still had a direct appeal pending. He has not yet resolved his claims in state court. Because he is still challenging his conviction on direct appeal when he filed suit, his conviction is not yet final for purposes of the statute of limitations, 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner has substantial time to complete any efforts to seek further relief in state court. Petitioner has not shown that he is entitled to a stay, therefore, the court **denies** the Motion for Stay and Abeyance.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the magistrate judge's findings and conclusions. Accordingly, the court **denies** the Motion for Stay and Abeyance, and **dismisses**

---

[2] Petitioner filed a Motion for Rehearing on September, 17, 2015, and a Motion for Extension of Time to File Motion for Rehearing on September 25, 2015. *See* http://www.search.txcourts.gov/Case.aspx?cn=05-13-00709-CR&coa=coa05.

**without prejudice** the Petition for a Writ of Habeas Corpus for failure to exhaust state remedies. Pursuant to Rule 58(a) of the Federal Rules of Civil Procedure, the court will enter judgment by separate document.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 6th day of October, 2015.

Sam A. Lindsay
United States District Judge